```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

LEO F. FORD,                         )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )         Civil No. 2015-02
                                     )
COMMISSIONER OF THE INTERNAL REVENUE )
SERVICE,                             )
                                     )
          Defendant.                 )
```

ATTORNEYS:

**Rosh D. Alger, Esq.**
St. Thomas, VI
    *For the plaintiff*,

**Katherine M. Reinhart, Esq.**
United States Department of Justice
Washington, DC
    *For the Commissioner of the Internal Revenue Service.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the Commissioner of the Internal Revenue Service ("IRS") to dismiss the claim against him in this matter for lack of subject-matter jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This order is written for the parties, who are familiar with the facts underlying this litigation, and thus the Court recites only those facts necessary to the instant motion.

In August, 2014, Leo F. Ford ("Ford") received a deficiency notice from the United States Internal Revenue Service (the "IRS"). The deficiency notice informed Ford that the IRS had determined that Ford had failed to pay certain taxes during tax year 2002. The deficiency notice indicated that Ford owed the IRS $110,494 in taxes and approximately $51,047.42 in penalties and other additions.

On January 6, 2015, Ford filed a complaint in this Court. Ford's complaint is a form petition, the United States Tax Court Form 2 ("Form 2"), provided by the United States Tax Court (the "Tax Court") to allow taxpayers to seek a redetermination of their deficiency amounts. Form 2 includes a page on which the complainant taxpayer may indicate in which location, of a pre-provided list, the taxpayer would like to litigate. Ford's attorney added "US Virgin Islands" at the bottom of the page.

On April 13, 2015, the Commissioner of the IRS ("the Commissioner") filed a motion to dismiss for lack of jurisdiction. The Commissioner argues that Ford's petition cannot be heard by a district court, and must instead be filed in the Tax Court. Ford opposes the motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A Rule

12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n. 17 (3d Cir.1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

### III. <u>ANALYSIS</u>

> Congress has designated the Tax Court as the only court with jurisdiction to adjudicate a tax prepayment deficiency dispute. Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (citation and internal quotation marks omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)

>(citation omitted). The sovereign immunity doctrine applies to the IRS because it is an agency of the United States. *See Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir.1995). Section 6213 of the Internal Revenue Code provides the sole waiver to sovereign immunity that authorizes a taxpayer to challenge a federal income tax prepayment deficiency notice. Under this section, a taxpayer who receives a tax prepayment deficiency notice has but one venue to seek a redetermination: the Tax Court. *See* I.R.C. § 6213(a). Federal law does not permit a taxpayer to file a challenge to a deficiency notice in a federal district court unless the taxpayer pays the contested amount in full before filing suit.

*Cooper v. C.I.R.*, 718 F.3d 216, 220-21 (3d Cir. 2013).

In its review of Ford's complaint, the Court notes that nowhere is it alleged or otherwise indicated that Ford ever paid the deficiency. Rather, the complaint, considered as a whole, suggests that Ford is challenging the notice of deficiency prior to making any payment. As the Third Circuit has stated, a challenge to an IRS deficiency notice may not be brought in the district courts unless the taxpayer first pays the deficiency in full.[1] On the face of the complaint, there is nothing to suggest

---

[1] Of course, where a taxpayer receives a deficiency notice from the Virgin Islands Bureau of Internal Revenue, rather than the IRS, a pre-payment determination suit may be properly brought in this Court. *See* 48 U.S.C. § 1612 (granting the District Court jurisdiction over "all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved . . . ."); *Dudley v. C.I.R.*, 258 F.2d 182 (3d Cir. 1958)(holding that petitions for redetermination of a notice of deficiency from the Virgin Islands government should be brought to the District Court).

Ford paid the deficiency in full. As such, the Court finds no basis for a proper exercise of jurisdiction over Ford's petition for a redetermination of the deficiencies asserted by the IRS.[2]

The premises considered, it is hereby

**ORDERED** that the Commissioner's motion to dismiss the complaint for lack of subject-matter jurisdiction is **GRANTED;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

                                            S\_____
                                               **CURTIS V. GÓMEZ**
                                               **District Judge**

---

[2] Given the immutable and material circumstances that give rise to this case -- 1) the issuance of a deficiency notice by the IRS, and 2) the desire for a pre-payment redetermination of a tax deficiency owed to the IRS -- even if Ford had sought leave to amend his complaint, such amendment would be futile.